IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

INFORMATION DOCK ANALYTICS LLC,
a Delaware Series Limited Liability Company;
INFORMATION DOCK ANALYTICS LLC
PROTECTED SERIES SHORT; INFORMATION
DOCK ANALYTICS LLC PROTECTED SERIES
MID; INFORMATION DOCK ANALYTICS LLC
PROTECTED SERIES LONG; INFORMATION
DOCK ANALYTICS LLC PROTECTED SERIES
ISLAND; and INFORMATION DOCK ANALYTICS
LLC PROTECTED SERIES MUTLI,

      Plaintiffs,

vs.                                                                                             18cv380 KG/KBM

MICHAEL COUGHLIN and M. KAY COUGHLIN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Michael and M. Kay Coughlin's (the Coughlins) Motion to Dismiss Plaintiffs' Complaint, filed May 29, 2018. (Doc. 17). The Coughlins move to dismiss this case for lack of subject matter jurisdiction pursuant to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.*) Plaintiffs Information Dock Analytics LLC (IDA), Information Dock Analytics LLC Protected Series Short (Series Short), Information Dock Analytics LLC Protected Series Mid (Series Mid), Information Dock Analytics LLC Protected Series Long (Series Long), Information Dock Analytics LLC Protected Series Island (Series Island), and Information Dock Analytics LLC Protected Series Multi (Series Multi) (collectively, Plaintiff-LLCs) filed their Response on June 12, 2018. (Doc. 20). The Coughlins filed their Reply on June 26, 2018. (Doc. 22). Having considered the briefing, the record, and the applicable law, the Court grants in part the

Coughlins' Motion to Dismiss Plaintiffs' Complaint (Doc. 17).

I.      Standard of Review

Motions to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), generally take two forms: facial attacks on the complaint's allegations as to subject matter jurisdiction, which question the sufficiency of the complaint; and factual attacks on subject matter jurisdiction, which challenge the facts upon which subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (explaining two types of challenges to subject matter jurisdiction). *Younger* abstention is jurisdictional in nature. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998). Motions to dismiss predicated on abstention doctrines constitute factual attacks on subject matter jurisdiction. *Hill v. Whetsel*, 2007 WL 963216, at *1 n.2 (W.D. Okla. Mar. 28, 2007); *Cole v. Olympus Health Care Ctr., Inc.*, 2004 WL 838043, at *4 (D. Conn. Mar. 8, 2004). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations[, and] has wide discretion to allow . . . other documents . . . to resolve disputed jurisdictional facts . . . ." *Holt*, 46 F.3d at 1003 (internal citations omitted).

II.     Background and Procedural History[1]

Nonparties Al Luckett (Luckett Sr.) and Christina McCarthy (McCarthy), husband and

---

[1] The facts recited in this section come from the Complaint (Doc. 1), the undisputed allegations of the Coughlins' Motion to Dismiss (Doc. 17), and the State Court Lawsuit docket, of which the Court takes judicial notice. *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("the court is permitted to take judicial notice of . . . facts which are a matter of public record") *abrogated on other grounds*, *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

wife, collect art and artifacts. They have purportedly amassed over 3,000 items, now allegedly owned by the Plaintiff-LLCs. This federal lawsuit turns on ownership of the art and artifacts. McCarthy owns a 10% membership interest in each of the Plaintiff-LLCs, while the couple's son, Jonathon Luckett (Luckett Jr.), owns the remaining 90% membership interest in the Plaintiff-LLCs. Luckett Sr., allegedly, does not own any membership interest in the Plaintiff-LLCs.

A. *Business Entities*

The Plaintiff-LLCs are neither the first nor the only business entities owned, operated, or controlled by Luckett Sr. and McCarthy. In 1997, Luckett Sr. and McCarthy formed Cultural Assets II, LLC (CA2) to hold the art and artifacts they had acquired. Luckett Sr. and McCarthy each owned a 50% membership interest in CA2. In 2001, Luckett Sr. transferred his interest in CA2 to McCarthy, giving her sole membership in the company. McCarthy transferred a 1% membership interest to Luckett Jr. in June 2004. Luckett Sr. continued to serve as an operations manager for CA2.

McCarthy, Luckett Jr., and longtime family accountant Brian Rowe (Rowe) formed Deadend Investments Limited Partnership (Deadend), a Nevada limited partnership, in December 2004. McCarthy served as the majority partner, holding an 89.1% share, while Luckett Jr. held a 9.9% interest, and Rowe held the remaining 1% interest. At the same time, McCarthy and Luckett Jr. transferred all of CA2's assets to Deadend.

Things got more complicated in November 2007. McCarthy, Luckett Jr., and Rowe formed Part 1 ST LLC, Part 1 MT LLC, HART LT LLC, and Multi Ethnic LT LLC (all together, Collection LLCS) as Nevada limited liability companies. McCarthy held a 71.1% membership

3

interest in all of the entities, while Rowe and Luckett Jr. held 21% and 7.9% interests, respectively. The members also formed other entities to "facilitate new market research, [perform] intellectual property services associated with the collection, and selling agent services." (Doc. 1) at ¶ 19.

Ownership of the Collection LLCs shuffled in December 2012, resulting in Luckett Jr. holding an 80% interest, Rowe holding a 10% interest, and McCarthy holding a 10% interest. By April 2014, the Collection LLCs moved from Nevada to New Mexico, and Rowe surrendered his interest, resulting in Luckett Jr. holding an 89% interest in the Collection LLCs while McCarthy held the remaining 11% interest in the Collection LLCs.

Luckett Jr. formed the Plaintiff-LLCs in Delaware on October 13, 2017. The Collection LLCs merged into the Plaintiff-LLCs as follows: Part 1 ST LLC merged into Series Short; Part 1 MT LLC merged into Series Mid; Part 1 LT LLC merged into Series Long; HART LT LLC merged into Series Island; and Multi Ethnic LT LLC merged into Series Multi.

B. *The Lawsuits*

This federal lawsuit arises collaterally to a state court proceeding, *Coughlin v. Cultural Assets I, LLC*, D-101-CV-2012-02707, filed in the First Judicial District Court for the State of New Mexico (State Court Lawsuit). The State Court Lawsuit stems from the following series of events: Luckett Sr. and McCarthy rented a residence from the Coughlins on September 1, 2010, and insisted that the two-year lease be in the name of Cultural Assets 1, LLC (CA1), a business owned and operated at least in part by Luckett Sr. and McCarthy. McCarthy and Luckett Sr. refused to move out of the residence after the lease expired and the Coughlins notified them, on September 20, 2012, that the Coughlins were selling the home. After taking additional steps

and executing an offer to buy their house, with the buyer requiring possession of the property by October 31, 2012, the Coughlins filed a Petition by Owner for Restitution in state court—the State Court Lawsuit—on October 1, 2012. The day before the eviction hearing, CA1 filed for bankruptcy, resulting in an automatic stay of proceedings. The sale of the house fell through because the buyers could not take possession by October 31, 2012.

The automatic stay lifted on December 14, 2012. On December 20, 2012, the State Court entered its order of Partial Default Judgment for Restitution Against Defendants Al Luckett and Christine McCarthy, finding that the automatic stay did not apply to Luckett Sr. and McCarthy, who failed to appear at the eviction hearing. Therefore, the State Court concluded that McCarthy and Luckett Sr. had "no further right to occupancy" to the leased residential property. State Court Lawsuit, *Partial Default Judgment for Restitution Against Defendants Al Luckett and Christine McCarthy*, filed Dec. 20, 2012. After additional motions practice, the State Court issued a Writ of Restitution on March 4, 2013, ordering the Santa Fe County Sheriff to remove Luckett Sr. and McCarthy from the residential property no later than March 10, 2013.

Litigation, including multiple appeals, continued. Ultimately, the State Court awarded the Coughlins damages, attorney's fees, and costs for a total of $630,242.90, exclusive of pre- and post-judgment interest. State Court Lawsuit, *Findings of Fact, Conclusions of Law and Final Judgment*, filed May 9, 2016.

On November 17, 2016, the State Court entered its Order for Preliminary Injunction freezing CA1, Luckett Sr., and McCarthy's "inventory of personal and business property under [their] control, directly or indirectly through a third party." State Court Docket, *Order for Preliminary Injunction*, filed November 17, 2016. CA1, Luckett Sr., and McCarthy were

5

"completely enjoined from liquidating, transferring, hiding, moving, selling, or otherwise disposing of any and all of their assets, property, inventory, collections, or otherwise." *Id.* Though not explicit, these filings make clear that the Coughlins attempted to execute the judgment on art and artifacts allegedly owned by various businesses that Luckett Sr. and/or McCarthy, in turn, own or operate, at least in part.

Despite more than four years of state litigation, the underlying defendants in that action did not pay the judgment to the Coughlins. Luckett Sr. and McCarthy filed for Chapter 7 personal bankruptcy on March 8, 2017, in the United States Bankruptcy Court for the District of New Mexico. *See* Case No. 7-17-10517-JS. The Bankruptcy Court ordered the Coughlins and their counsel to inspect the art and artifacts kept in storage units in Santa Fe, New Mexico, with Luckett Sr. present. Luckett Sr. opened all of the storage units and remained present for the inspections on June 26-30, 2017. The Bankruptcy Court dismissed Luckett Sr. and McCarthy's bankruptcy case on July 27, 2017.

Meanwhile, another entity, RLF Investments LLC, through Rowe as managing member and authorized agent of RLF Investments LLC, was allowed to intervene in the State Court Lawsuit on "the narrow issue of its interest in the property that the [Coughlins] seek for recovery of their judgment against [Luckett Sr., McCarthy, and CA1]." State Court Docket, *Order Granting Intervention of RLF Investments LLC*, filed August 18, 2017. The State Court docket and the parties' filings imply that RLF Investments LLC is an entity formed by Luckett Jr., McCarthy, and Rowe subsequent to 2007.

The Coughlins filed a Renewed Application for Writ of Execution in the State Court Lawsuit on August 1, 2017. Luckett Sr. and McCarthy failed to appear for a hearing on the writ

6

application on September 20, 2017. Therefore, the State Court issued the requested Writ.

With the Santa Fe County Sheriff, the Coughlins attempted to execute the Writ of Execution on September 21, 2017, by accessing the storage units in Santa Fe that housed art and artifacts between June 26 and June 30, 2017. All of the storage units were empty.

Following continued motions practice and a civil contempt hearing at which Luckett Sr. and McCarthy did not appear, the State Court entered an order holding Luckett Sr. and McCarthy in civil contempt of court for violating the November 2016 Order for Preliminary Injunction. The State Court further ordered that Luckett Sr. and McCarthy be "placed in the custody of the Santa Fe County Sheriff and incarcerated in the Santa Fe County Detention Center until such time as such property, inventory or collections moved or hidden by them are placed in the custody and control of the Santa Fe County Sheriff." State Court Docket, *Order of Contempt*, filed October 17, 2017.

As the Coughlins continued their attempts to execute their judgment on the art and artifacts ultimately owned, allegedly, by the Plaintiff-LLCs, Luckett Jr. moved, in the State Court Lawsuit, to quash various subpoenas issued by the Coughlins.

Luckett Sr. and McCarthy were arrested on April 4, 2018, on civil contempt bench warrants in Kennebunk, Maine. The Maine court released Luckett Sr. and McCarthy on bond, each with instructions to appear in New Mexico within thirty days. McCarthy and Luckett Sr. appeared for arraignment in Santa Fe County on their civil contempt bench warrants on May 7 and May 10, 2018, respectively. Both McCarthy and Luckett Sr. were incarcerated.

Plaintiff-LLCs filed this federal lawsuit on May 7, 2018 – the day McCarthy was arraigned and incarcerated for civil contempt.

On June 6, 2018, the Plaintiff-LLCs moved to intervene in the State Court Lawsuit. State Court Docket, *Verified Motion for Intervention*, filed June 6, 2018. The Coughlins initially opposed the motion, but later withdrew their opposition. The Coughlins then moved for declaratory judgment in the State Court Lawsuit on October 29, 2018, asking the State Court to "establish[] ownership of the art and artifacts at issue in [the State Court Lawsuit] as the property of [Luckett Sr. and McCarthy]." State Court Docket, *Motion for Declaratory Judgment and Renewed Application for Writ of Execution*, filed October 29, 2018.

Luckett Sr. and McCarthy remain incarcerated on the State Court's civil contempt order. As of the date of this Order, Plaintiff-LLCs motion to intervene remains pending before the State Court. The Coughlins do not oppose the motion to intervene or the motion for declaratory judgment. Most recently, Luckett Sr. and McCarthy filed notices of appeal to the New Mexico Court of Appeals on March 7, 2019.

The Plaintiff-LLCs now seek a declaration in federal court that they, rather than McCarthy and/or Luckett Sr., own the art and artifacts at issue in the State Court Lawsuit's post-judgment phase. The Plaintiff-LLCs also seek an injunction against the Coughlins to prevent the Coughlins from executing their judgment on the art and artifacts. Injunctive relief in this case relies upon and presumes the Plaintiff-LLCs' success on their declaratory judgment claim.

III. Discussion

Generally, federal courts "should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in deference to the States." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (internal quotation, citation, and alteration omitted). However, federal courts should abstain from exercising jurisdiction when a

8

State's interests in a pending state proceeding "are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (extending *Younger* to civil cases) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-05 (1975)); *see also Jacobs*, 571 U.S. at 72 ("*Younger* exemplifies one class of cases in which federal-court abstention is required[.]").

The policy underlying *Younger* abstention is comity, "[t]hat is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the states and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44. "[T]he relevant considerations of federalism" counsel "heavily toward federal restraint" when a party seeks relief from an ongoing state judicial proceeding. *Huffman*, 420 U.S. at 604.

*Younger* abstention is appropriate when: "(1) there is an ongoing state . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of the State of Utah*, 240 F.3d 871, 875 (2001) (internal quotation and citation omitted).

The Plaintiff-LLCs argue against abstention on the basis of all three *Weitzel* factors. As to the first factor, the Plaintiff-LLCs assert that the State Court Lawsuit now proceeds in a post-judgment phase, but they fail to articulate reasons or cite authority for how or why a post-judgment proceeding does not qualify as an ongoing state proceeding. The Plaintiff-LLCs

further contend that they are not parties to the State Court Lawsuit and McCarthy and Luckett Sr. are not parties to this lawsuit. Even so, the Plaintiff-LLCs filed a motion to intervene in the State Court Lawsuit, currently without opposition. Thus, all relevant entities likely will be joined in the State Court Lawsuit. This Court concludes that the State Court Lawsuit, involving the same issues of disputed ownership over art and artifacts as this case, constitutes an ongoing state civil proceeding.

Next, the Plaintiff-LLCs argue that the State Court does not provide an adequate forum to hear their claims because they have "no assurance of what, if any, remedies and rights they may be entitled to" in the State Court Lawsuit. (Doc. 20) at 7. The Court again notes that the Coughlins no longer oppose the Plaintiff-LLCs' intervention in the State Court Lawsuit, and takes judicial notice of the Coughlins' pending motion for declaratory judgment on ownership of the art and artifacts in the State Court Lawsuit—the exact issue in this case. The State Court likely will allow the Plaintiff-LLCs to intervene in the State Court Lawsuit, at which time the Plaintiff-LLCs may assert their ownership interest in the art and artifacts. The Court concludes the State Court Lawsuit provides an adequate forum to hear the claims raised in the federal complaint.

Finally, the Plaintiff-LLCs argue that the State Court Lawsuit does not involve important state interests. The Plaintiff-LLCs fail to address whether that case involves matters which traditionally look to state law for resolution. The Court acknowledges that state law generally creates and defines property interests. *See, e.g.*, *In re Ogden*, 314 F.3d 1190, 1197 (10th Cir. 2002) (noting same in bankruptcy context); *Wagner v. Wilson*, 2013 WL 960143 (Bankr. D.N.M. 2013) (looking to New Mexico state law to determine property rights). Significantly, the core of

the State Court Lawsuit concerns execution of a judgment. The Supreme Court "repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems." *Pennzoil Co.*, 481 U.S. at 12-13. An example of such an interest in judicial administration is a state's interest in enforcing judgments.

> There is little difference in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. . . . [T]his case involve[s] challenges to the processes by which the State compels compliance with the judgment of its courts.

*Id.* at 13-14. Proceeding with this federal case would interfere with the execution of a state court judgment, an important state interest.

III. Conclusion

Having satisfied the three criteria for *Younger* abstention, this Court concludes that it must abstain from exercising jurisdiction to hear this case. When abstaining under *Younger*, courts should stay, rather than dismiss, the action. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether"); *D.L. v. United School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (citing *Quackenbush*).

IT IS, THEREFORE, ORDERED that the Coughlins' Motion to Dismiss Plaintiffs' Complaint (Doc. 17) is granted in part. This case is STAYED pending resolution of the State Court Lawsuit. The parties shall file a joint status update with this Court 180 days from the

entry of this Memorandum Opinion and Order, and every 180 days thereafter or within 10 days of the final termination of the State Court Lawsuit.

_____
UNITED STATES DISTRICT JUDGE