IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INFORMATION DOCK ANALYTICS LLC,
a Delaware Series Limited Liability Company;
INFORMATION DOCK ANALYTICS LLC
PROTECTED SERIES SHORT; INFORMATION
DOCK ANALYTICS LLC PROTECTED SERIES
MID; INFORMATION DOCK ANALYTICS LLC
PROTECTED SERIES LONG; INFORMATION
DOCK ANALYTICS LLC PROTECTED SERIES
ISLAND; and INFORMATION DOCK ANALYTICS
LLC PROTECTED SERIES MUTLI,

    Plaintiffs,

vs.                                                                                 18cv380 KG/JFR

MICHAEL COUGHLIN and M. KAY COUGHLIN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The instant motion represents the latest in a long-running dispute pending in state court, *Coughlin v. Cultural Assets I, LLC*, D-101-CV-2012-02707, filed in the First Judicial District Court for the State of New Mexico (State Court Lawsuit).[1] Having retained new counsel, Plaintiffs filed their Motion for Reconsideration (Motion) on April 22, 2019, and now move this Court to reconsider its March 22, 2019, Memorandum Opinion and Order (March 22 Order) (Doc. 26) granting in part Defendants' Motion to Dismiss based on the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 31). Defendants filed their response on May 6, 2019, and Plaintiffs' filed their reply on May 20, 2019. (Docs. 33 and 34). Having

---

[1] In addition to this case and the State Court Lawsuit, the same nucleus of facts spawned four state district court cases (D-101-CV-2012-02764; D-101-CV-203-00493; D-202-CV-2016-07252; and D-101-CV-2017-00376), two appeals to the New Mexico Court of Appeals (A-1-CA-32816 and A-1-CA-38101), and two petitions for writ of superintending control to the New Mexico Supreme Court (S-1-SC-34332 and S-1-SC-37631).

considered the record, the briefing, and the applicable law, the Court denies Plaintiffs' Motion. The Court thoroughly addressed the factual background of this case in its March 22 Order, and need not restate the same here.

A motion for reconsideration is appropriate to allow the court to consider 1) an intervening change in law, 2) new evidence that was previously unavailable, and 3) the need to correct clear error or prevent injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted).

*Younger* abstention remains appropriate when: "(1) there is an ongoing state . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of the State of Utah*, 240 F.3d 871, 875 (2001) (internal quotation and citation omitted).

As basis for the instant Motion, Plaintiffs assert the Court misapprehended the State Court Lawsuit docket because their petition to intervene in the State Court Lawsuit was denied, rendering Plaintiffs without any other forum to advance their claim of ownership. Of course, denial of Plaintiffs' motion to intervene in the State Court Lawsuit has not been reduced to a written order entered on the State Court docket and Plaintiffs failed to apprise the Court of that denial, or the reasons therefore, prior to the Court's March 22 Order.

Plaintiffs affirmatively represent, by affidavit of counsel, that their motion to intervene in the State Court Lawsuit was denied because prior counsel was disbarred, Plaintiffs made no attempt to obtain subsequent counsel, and the State Court Judge treated the motion as "abandoned." (Doc. 31-2) at 3. Plaintiffs' failed to renew their motion, challenge the Judge's decision, or otherwise pursue their motion to intervene.

Next, Plaintiffs state Defendants' motion for declaratory judgment in the State Court Lawsuit was denied. (Doc. 31) at 4. Again, while not reduced to a written order on the State Court docket, the State Court Judge apparently denied the declaratory judgment motion for lack of ripeness. (*Id.*)

Plaintiffs fail to persuade this Court that the denial of their abandoned motion to intervene or denial without prejudice of Defendants' motion for declaratory judgment constitutes a misapprehension of the facts or the law that alters the Court's abstention calculus under *Younger*.

On the issue of adequacy, Plaintiffs state "the ownership issue remains open" in the State Court Lawsuit. (*Id.*) at 6. That simple statement defeats their argument: the ownership issue, in fact, remains open. When presented with a Writ of Execution expressly identifying property that allegedly does not belong to the judgment-debtor, the appropriate course of action is to raise that issue with the judge who issued the Writ. Plaintiffs may contest ownership in the underlying proceeding.

Plaintiffs further contend they need discovery to assert their claim of ownership. This is somewhat mystifying; on one hand, Plaintiffs contend they own the property at issue in the State Court Lawsuit, and on the other, state they need discovery from the *Defendants* to adequately prove Plaintiffs' ownership. It should be a relatively simple matter: if Plaintiffs own the property

3

as they claim, they presumably have the records to prove it. The Court construes Plaintiffs' argument as self-serving and appears calculated to further frustrate the ongoing State Court Lawsuit. The Court finds nothing in Plaintiffs' argument to disturb its conclusion that the State Court Lawsuit provides an adequate forum to hear Plaintiffs' ownership claims.

Finally, Plaintiffs misapprehend the Court's determination of the important state interests at play in this case. The State Court Lawsuit involves execution of the state court's judgment. As the Court previously noted,

> There is little difference in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. . . . [T]his case involve[s] challenges to the processes by which the State compels compliance with the judgment of its courts.

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (1987).[2] Plaintiffs essentially seek to circumvent the State Court Lawsuit and, in doing so, ask this Court to be complicit in their scheme and vitiate the State Court's Writ of Execution. The Court disfavors this type of "procedural fencing," and declines to do so. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Moreover, proceeding with this case would violate basic principles of comity and impair the State Court's ability to enforce its judgments.

Finding nothing in Plaintiffs' Motion to warrant reconsideration, the Motion is denied. This case shall remain stayed pending resolution of the State Court Lawsuit. The parties shall file a joint status update with the Court 180 days from the entry of this Memorandum Opinion and Order, and every 180 days thereafter or within 10 days of the final termination of the State

---

[2] While Plaintiffs correctly note that *Younger* initially dealt with an effort to restrain state criminal proceedings, they fail to mention that *Pennzoil* expressly extended the *Younger* analysis to purely civil cases among purely private parties. *Pennzoil*, 481 U.S. at 11.

Court Lawsuit. Of specific interest to the Court in these updates will be Plaintiffs' efforts to intervene in the State Court Lawsuit and to there assert their purported ownership interest.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE